Take that case under advisement. The next case on the calendar is United States v. Anderson, 24-2385. Thank you, Your Honor. May it please the Court. Craig Durham, appearing on behalf of Patrick Anderson, the appellant. I would like to reserve three minutes for rebuttal, if I could. So as the Court knows, this is an appeal from a summary dismissal of a section 2255 motion without an evidentiary hearing. And the sole issue before this Court is whether the district court abused its discretion in not having that hearing. And the law is clear from both the United States Supreme Court and this Court that when a defendant alleges that he told his counsel to appeal and his counsel, on the other hand, denies that, whether or not there is an appellate waiver in a plea agreement, that creates a factual dispute on a constitutional issue that unless there is other evidence in the record that conclusively shows that the movement is entitled to no relief, that requires an evidentiary hearing. So you're referring to Sandoval? Correct. Sandoval and, yes, and Garza v. Idaho, the U.S. Supreme Court. And the district court seemed well aware of that? Yes. All right. And so the district court made a determination that a hearing wasn't necessary, eyes open. And his rationale was? Well, he had a couple of rationales. One was that he thought it would be, frankly, a waste of time. Well, he said he had these affidavits. And if they came in, they were going to have to use the word parrot. They're going to parrot back. Right. So I guess you could summarize by saying waste of time. He's a very busy trial court judge. Of course, yes. So he thought that, that he already had the take from both of the declarants. And there was another reason? Well, the other reason, so yes, he thought he had what they were going to say. And the appellate waiver in the plea agreement, he believed at the end of the day that this court would uphold that waiver. And so even if we go back and we have this hearing, it's going to, it's an exercise in futility because at some point down the road, this court, the Ninth Circuit, is going to say, you can't appeal. So doesn't your position have to be that you recognize, and your position is that Sandoval versus Lopez is controlling. And the district court knew that. And that your position, I understand, is that the district court didn't have what he needed in the record to obviate the need for hearing. Yes. What's your best shot at that, please? So I think you can't assess credibility based on these affidavits. Now, on the one hand, you have the movement saying, this is what I told my attorney. You have the attorney saying, actually, what he says is, I don't recall that, but here's what I normally do. Here's what we talked about. And I think he said he had checked with co-counsel, too. Yes, he discussed with co-counsel. They talked about the waiver, specifically, with the client. That was also in the affidavit. Correct. That was in trial counsel's affidavit. The problem is, and there's case law, it may even be Sandoval that says this, that ordinarily, you cannot determine credibility on the basis of affidavits. And so that's why you have the hearing, so that you can examine. Isn't, I think, to put a finer point on that, you can't necessarily determine the credibility if you have conflicting affidavits, right? Fair. So here, there are conflicting statements. And the question is, what else is there to then determine the credibility of these two statements to ultimately conclude whether or not a hearing is necessary? Yes, I think that's correct, Your Honor. I put a little bit of a different spin on that, which is, if you don't have anything else that would conclusively disprove what the petitioner or the movement is saying, you have to have a hearing. That's the law. And the reason why that's the law, getting back to your question, Your Honor, is because you can't assess credibility based on just what someone says in an affidavit. That's why we have cross-examination. That's why we have examination. How do we fit Watts into this framework? Excellent question. So I think Watts is the case that it's the exception that proves the rule. So I'm not going to stand here and say you can never determine credibility based just on the record, because clearly you can. But you have to have additional evidence in the record that makes the petitioner's claim patently false or frivolous. Could I just ask you? I'm interrupting. Go ahead and finish, and then I'll circle back. Go ahead. In Watts, what happened is the petitioner comes forward in a 2255, and he says, oh, by the way, I had. I know the facts of Watts. And I know that factually it's distinguishable from the case that we have, because the record was quite robust, and there was much more there than it should. Yes, and that's my answer. So I understand that. But we don't have a case in this circuit that really reconciles Sandoval Lopez's rule, absolute statement of having an evidentiary hearing, and then Watts. I don't think it can. And we have Espinoza, Chacon, Palomeras. We have these other cases that talk about supplementing the record. So do we need something that sort of explains that you can satisfy Sandoval Lopez without having an evidentiary hearing, as Watts, I think, presumes? Yes, and I think you do. I mean, I think it can be reconciled, and it's reconciled in Watts itself. And again, you just go back to the basic principle, which is if the documentary record that has been expanded includes affidavits, can include correspondence, letters, whatever, if that conclusively disproves the credibility of what this petitioner is saying, you don't have to have a hearing. And that's Watts, because in Watts, there was many opportunities where that individual should have spoken up and say, hey, I had this secret deal with the government, and you sentenced me to life in prison. And it just, this Court said that is just impossible to believe. My suggestion here is you can't make that same determination on this record, because you don't have those same other factors. And what the district court relied on, primarily, was counsel's affidavit. Well, can I just stop you there? You keep saying that there was conflicting affidavits here. I think there's one affidavit that says something happened, and the other affidavit from defense counsel saying, I don't recall. Does that change the claim? Well, I think that's even better for me. Well, but it is different. And so I think it's a different scenario than competing affidavits, which would definitely call into question the need for credibility determination. This is a little different. So could you speak to the facts here? Sure. I mean, if counsel says, I don't recall, he's not denying. I mean, I could say, well, he's not even denying that my client did tell me to appeal. He's just saying, I don't remember. So I think that's even a stronger reason why you'd want to have an evidentiary hearing, to have the petitioner come in, have the counsel come in, examine them, cross-examine them, and determine who's telling the truth. But what if the district court thought it wasn't a matter of truthfulness? This is what I'm trying to engage. What the district court told us is that if they come in, they'll just parrot. And I think that works on the defense lawyer side, because the defense lawyer said that he checked with his co-counsel, and they just didn't remember this. I think what's critical in this case is whether the petitioner is telling the truth, whether he said to his attorney, I want you to appeal. So the credibility goes one way, is what I'm trying to get at. It's not, I don't see it as a competing. And that's fair. And that's fair. And that's fair. And if the court wants to say, I assume counsel will come in and basically just say what he said in his affidavit. But we need to see this petitioner and assess his credibility in person to determine if he's telling the truth, because if he is, it's a constitutional claim. You wanted to reserve three minutes, and you currently have two. You want to? Yes, absolutely. I want to reserve that time. Thank you. You bet. Good morning, Your Honors. May it please the Court. Chris Booker, representing the United States. The record is sufficient to conclusively determine that the defendant did not request that his counsel file an appeal. And the Court can, and the district court can and did in this case, assess credibility based upon the record it had before it, which was sufficient to make that determination. We have multiple cases where credibility can be determined by a court without an in-person evidentiary hearing. Watts is the example discussed as far as a Watts is factually distinguishable based on the robust nature of the record in that case. Would you agree with that? I would agree that those facts are different. OK, so what other case can you cite, too, for the proposition that you can satisfy the Sandoval-Lopez rule without holding an evidentiary hearing? Esparza and Shah both stand for that proposition. Esparza ultimately didn't. I couldn't understand what you just said. Excuse me. Esparza and the Shah case both would. If you could slow down a touch, it might be easier. Thank you, Your Honor. Tell me what in the record convinces you that it is conclusive that we don't have to have a hearing in order to determine credibility? What facts are you relying upon? Would you do that? The most key facts, I would say, Your Honor, are the Defendant's counsel's 2255. Well, first of all, the record is Defendant's 2255 memorandum and also counsel's affidavit, which I think is the ---- What about the ---- maybe go into some level of detail instead of just citing to the document to answer Judge Bea's question. What in those documents conclusively establishes? The defense counsel in those documents said he had multiple conversations with his client about the right to an appeal or to request an appeal and the fact that by entering a change of plea that he would be waiving those rights to appeal and entering a plea agreement with the government. So those facts ---- So you're talking about the entering into the plea. We're asking questions about the request to file an appeal. Right. Counsel in the affidavit specifically stated that he was never requested to file an appeal. He denied it flat out or did he say, I do not recall? He said that ---- Read it to me, please. Read it to me. What did he say? And I'm looking at excerpts of record 37 through 44, which is counsel's affidavit regarding his representation of the defendant and communications with him. And in that affidavit, he states, had Mr. Anderson ---- I'm looking at excerpts of record page 40, Your Honor. 40, all right. And looking at Parente, it states, had Mr. Anderson requested that I file an appeal before or after his sentencing, then I would have reminded him of the waivers and discussed them further as needed. And if he had nonetheless insisted I file an appeal after the judgment was entered, then consistent with our practice, I would have filed a notice of appeal on the theory that the waivers were somehow invalid, as my office has done on rare occasions. Had he been expressly requested to file an appeal, he would have. And that just didn't happen here. Now you are asking us to assume the trial court made a credibility determination. If you read it the way you're reading it, between conflicting affidavits, this seems to make your position tougher. Because you're wanting us to rule that the declaration would have conclusively established that the request was not made. Can you turn to the previous page, which is ER 39 at 6A, where the affidavit states, neither I nor my co-counsel have any recollection of such a request. What do you make of that statement, which seems pretty clear to me that the affidavit is saying that he doesn't recall whether or not a specific request to file an appeal was made? I think I would characterize that differently. He says he doesn't remember, or he doesn't have a recollection of whether an appeal was filed. And then when you read into the- You think that we read that to say that he doesn't recall whether an appeal was filed, when it says, neither I nor my co-counsel have any recollection of such a request? Just bear in mind, if I could, I hope this is a friendly amendment to your question, this paragraph starts with Mr. Anderson asserts he requested that I appeal. And then it goes on with a sentence that Judge Desai is calling your attention to. Neither I nor my co-counsel have any recollection of such a request. Right. He doesn't recall. Let me just put it this way. I read that to say they don't remember, as opposed to a denial. I'm not sure it matters a whole lot, but if we're directly competing affidavits, it seems to me that's much tougher for the government. But let's say, just if you would, as a hypothetical, assume that I think this says that the lawyer couldn't remember, and the co-counsel couldn't remember, and the district court was faced with that. And then the 2255 petitioner's application that said he did make such a request. My question for you, then, is that I think the district court would be making a credibility determination, at least as to Mr. Anderson, about whether that was truthful.  OK. So how does, let's just, if we just look at one side of the communication, what's your best argument that the district court was free to make that determination without a hearing, please? This is Judge Beya's question. What is it in the record that allowed the court to decide that this was not truthful, Mr. Anderson was not truthful? It is, and I understand the court's view of this. I think when you read the affidavit by counsel, had an appeal been requested, he would have filed it. And that's what he says. Well, OK. So please engage in the question. I read this differently. But just assume that I do. The more pertinent question, I think, is Judge Beya's, which is, no matter how you read the lawyer's declaration, how is it that the judge wouldn't have had to at least decide the credibility of Mr. Anderson? How did this record allow the judge to do that without a hearing? Because this judge knew about the rule that he was looking at, and he decided he didn't need a hearing. What's the best defense of that, please? Beyond the affidavit, Your Honor, I think it's also just the credibility that can be determined based upon other relevant factors the court can consider. The credibility of Mr. Anderson? Yes. Like what? Like what? The fact that he signed a plea agreement waiving his right to, uh, uh. OK, so here's the problem. Sandoval specifically speaks to that scenario, right? It says, if a defendant, even one who has expressly waived his right to appeal, files a habeas petition after sentencing and judgment claiming he ordered his attorney to appeal, which seems to be this case, and it says two things can happen, and one of them is not what happened here. That's the problem. This is what defense counsel is pointing out. Mr. Anderson's lawyer is calling to our attention, and I'm interested to see what the justification is for one of these two things not happening here. And Your Honor, you mean the two things being the request for an appeal? I think, no, what the court said is that the court can hold an evidentiary hearing to decide whether the allegations are true, or the court can basically vacate the judgment and give the guy a chance to go forward and appeal. I am paraphrasing. The Supreme Court said that much more professionally. But neither of those two things happened here. So what's the best justification? This is permissible, please. The court, the best justification, Your Honor, is the court having looked at the entirety of the record, the procedural posture of the case, the plea agreement, the counsel's affidavit, the 2255 memorandum. So the trouble I'm having with your continuously going back to the plea agreement as the basis or a factor that the court can look at is it would, that exception would swallow the rule of Sandoval-Lopez, as Judge Christin indicated. The Supreme Court, in that particular case, talked about the fact that there is a plea agreement that includes the waiver. And so how would what you're arguing here not make it so that in every case where there is a plea agreement, it would allow the court, without having an evidentiary hearing, conclude that the defendant is not credible? And here, Your Honor, it's not. That's true that a plea agreement alone does not negate the right to an appeal if the defendant wants it. But I would just, again, go through the entirety of the record. The counsel's affidavit, I think it is a clear, it is clear. Okay, so let's go through each and every one of these things. So we have the 2255 statement. Okay, it says that, I think in multiple places, that Anderson discussed with trial counsel his desire to appeal. As of this day, no appeal has been filed. After the suppression motion was denied, movement requested trial counsel to appeal decision. As of this day, no appeal has been filed. So you would agree with me that at least with respect to this statement, there are statements from the defendant that he requested an appeal, correct? Yes, as to after the suppression hearing, but not after the sentencing. Okay, it says, after the sentencing hearing, Anderson discussed with trial counsel his desire to appeal. As of this day, no appeal has been filed. So you're taking issue with the word discussed as opposed to requested. Okay, so then we look at what else? The affidavit from the lawyer that states he doesn't recall whether or not a request was made. Correct? Your Honor, I read the affidavit different. I read the affidavit as he discussed with counsel the appeal that was part of the plea negotiations. I'm just trying to understand what the totality of the evidence is that you continue to refer to that the court should consider. So I understand that you and I might disagree on how to read these particular statements, but the three things that you're talking about here that give the district court sufficient information to determine credibility is the 2255 statement, the affidavit of counsel, and the fact that there was a plea agreement. Is that it? Is there anything else? Your Honor, also the entire posture or the procedural history of the case. I mean, also the fact that when he did it, entered his change of plea, he was instructed on all the things that he was waiving as part of that change of plea. But yes, those are the facts that the court had to rely on here. And I think clearly the court just didn't believe the defendant. Do you have a case that talks about sort of the court's consideration of the change of plea or the admonishment that he's given at the time of a plea agreement as a factor to consider credibility for determination of satisfying Sandoval Lopez's evidentiary hearing requirement? No, no, no, I don't, Your Honor. But- You're considerably over time. Do you want to wrap up? Your Honor, we would just ask that the court affirm the district court's decision. All right. Thank you, Your Honor. Thank you. Counsel, you served a little over, reserved a little over two minutes. I'll be very brief, Your Honor. Just to kind of take a step back in sort of the big picture here. I want to say I'm sympathetic to the district court's concerns about are we going to have to take time and resources to resolve this issue? That can be frustrating for sure. But at the end of the day, you know, that's what due process is. Counsel, I want to take you back to a question that I asked you in your opening statement that I'm interested in sorting out, which is, you know, I hear what you're saying. I also understand the district court's position here that this is perhaps futile by bringing the parties in and hearing exactly what he's heard. So what, if you were to write the rule or the opinion in this case to articulate when Sandoval Lopez's standard is satisfied, perhaps this case, the facts are clear that it's not, and so there should be an evidentiary hearing. But I'm, and so maybe this isn't the case to do it, but I'm interested to know, when can the court, what is the test for when a court doesn't have to hold an evidentiary hearing and instead do something more like what happened in Watts? And Your Honor, I don't mean to repeat myself, but I think the best we can do is we can say if on the expanded record it conclusively shows that the petitioner is not entitled to relief, which I think you can infer, conclusively shows that he lacks credibility. And it's that word conclusively. That's in the rule. That's the test. And I don't know that we can drill down any more specific than that, but I do think that it's workable and it's been applied in Watts to say, yeah, we've got enough here that this guy's just. The problem for me is that Watts was decided before Sandoval Lopez. Yes. And so there really isn't anything that ties these things together. Yes, and also before Garza versus Idaho, in which the U.S. Supreme Court says, even when there's these waivers, some defendants will still want to appeal. And it doesn't automatically mean that they're lying about it when they said they do. So I understand that. And I wish I could give the court something more specific, but I think we can rely on the rule and we can say that this didn't meet that standard here. And so with that in mind, we'd ask that you remand to the district court. Thank you. Thank you both for your argument.
judges: BEA, CHRISTEN, DESAI